# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tracy Tonitis,<br><br>      Plaintiff,<br>vs.<br><br>Hartford Life and Accident<br>Insurance Company<br><br>      Defendant. | Case No. 0:22-cv-1879<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Hartford Life and Accident Insurance Company may be found in this district. In particular, Hartford Life and Accident Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Hartford Life and Accident Insurance Company insures the employee benefit plan ("Plan") that Brookdale Senior Living, Inc. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Hartford Life and Accident Insurance Company is a corporation organized and existing under the laws of the State of Connecticut for Hartford Life and Accident Insurance Company and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Brookdale Senior Living, Inc. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number GLT-681638 which was issued by Hartford Life and Accident Insurance Company to Brookdale Senior Living, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Hartford Life and Accident Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Hartford Life and Accident Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Hartford Life and Accident Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

13.     Plaintiff became disabled under the terms of the Plan's policy on or about December 17, 2020 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14.     Plaintiff submitted a timely claim to Hartford Life and Accident Insurance Company for disability benefits.

15.     Hartford Life and Accident Insurance Company denied Plaintiff's claim for disability benefits. Plaintiff appealed Hartford Life and Accident Insurance Company's decision, but Hartford Life and Accident Insurance Company denied Plaintiff's appeal on March 30, 2022. Hartford Life and Accident Insurance Company allowed Plaintiff to submit additional medical records to support Plaintiff's disability claim based on Takotsubo Cardiomyopathy. Plaintiff filed further medical records, but Hartford Life and Accident Insurance Company continued to deny Plaintiff's claim by letter dated June 21, 2022.

16.     Hartford Life and Accident Insurance Company initially denied Plaintiff's disability claim because it alleged she received Medical Care and/or Treatment for her primary disabling condition/diagnosis, Postural Orthostatic Tachycardia Syndrome (hereinafter, "POTS") during the period of August 1, 2020 through October 31, 2020, and therefore, her POTS was pre-existing, and no benefits were payable.

17. Hartford Life and Accident Insurance Company had first essentially denied Plaintiff's claim because of an alleged appointment on October 15, 2020 with Dr. Deborah Majchel-Koss, which was definitively proven to be a "Chart Prep- non billable encounter" note and was not Medical Care and/or Treatment as defined in the Policy.

18. Plaintiff provided Hartford Life and Accident Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits, and specifically cited to the October 15, 2020 medical record with Dr. Deborah Majchel-Koss as being a "Chart Prep- non billable encounter" note.

19. Hartford Life and Accident Insurance Company realizing this problematic issue, obtained the medical opinions of Dr. Donna Gallik, which alleged that Plaintiff had refilled a prescription for Propranolol on September 21, 2020, and Dr. Donna Gallik further alleged that Propranolol was prescribed for Plaintiff's POTS.

20. Plaintiff provided Hartford Life and Accident Insurance Company with reports from Plaintiff's physicians that have all universally stated that the September 21, 2020 refill for propranolol was for Plaintiff's tachycardia due to hyperthyroidism—not POTS. The prescribing physician of the September 21, 2020 refill for propranolol, Dr. Majchel-Koss, has consistently stated this was not for Plaintiff's POTS—rather "for her thyroid condition", Graves' disease, and

5

Dr. Majchel-Koss has stated multiple times that she has never treated Plaintiff's POTS because Dr. Majchel-Koss is an endocrinologist that primarily treats Plaintiff's Graves' disease and thyroid condition.

21. Plaintiff also provided Hartford Life and Accident Insurance Company with Plaintiff's prescription pharmacy records that proved the propranolol was prescribed by Dr. Kathleen Boyle in 2018 for Plaintiff's hyperthyroid as this is when she was diagnosed with hyperthyroidism.

22. Plaintiff definitively proved that she never took propranolol until diagnosed with hyperthyroidism, and the September 21, 2020 refill for propranolol was for Plaintiff's tachycardia due to hyperthyroidism; however, Hartford Life and Accident Insurance Company arbitrarily and capriciously decided that the September 21, 2020 refill for propranolol was for Plaintiff's POTS even when all the substantial and overwhelming evidence contradicted this assertion.

23. Plaintiff also provided Hartford Life and Accident Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits based on Plaintiff's Takotsubo Cardiomyopathy.

24. Plaintiff's physicians have concluded that due to Plaintiff's Takotsubo Cardiomyopathy, Plaintiff was unable to work, even in a sedentary

job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

25.     Plaintiff's cardiologist—Dr. Vivek Kumar—affirmatively stated that Plaintiff's "primary diagnosis and disabling condition preventing her from working as a physical therapist is Takotsubo [cardiomyopathy]."

26.     Hartford Life and Accident Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Hartford Life and Accident Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. Hartford Life and Accident Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with Hartford Life and Accident Insurance Company and as such unable to offer an unbiased opinion;

   c. Hartford Life and Accident Insurance Company relied on the opinion of a medical professional that was not supported by substantial

evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. Hartford Life and Accident Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. Hartford Life and Accident Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. Hartford Life and Accident Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

27. Hartford Life and Accident Insurance Company abused its discretion in denying Plaintiff's claim.

28. The decision to deny benefits was wrong under the terms of the Plan.

29. The decision to deny benefits was not supported by substantial evidence in the record.

30. Hartford Life and Accident Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

31. Hartford Life and Accident Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from November 17, 2020 to the present. Plaintiff will continue to be

deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

32. Hartford Life and Accident Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

33. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Hartford Life and Accident Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present;
6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;
7. Reasonable costs and attorneys' fees incurred in this action; and
8. Any other legal or equitable relief the Court deems appropriate.

Dated: July 26, 2022                    RESPECTFULLY SUBMITTED,

By: */s/ Blake Bauer*
Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*